66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Firooz JALILI-KHIABANI, Plaintiff-Appellant,
v.
OAKLAND COUNTY; Oakland County Sheriff's Department;
Oakland County Prosecutor; Stupka, Officer;
Spalo, Officer; Miles, Officer,
Defendants-Appellees.
 No. 94-2199.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1995.
 
 1
 Before: NELSON, RYAN and McKAY,* Circuit Judges.
 
 ORDER
 
 2
 Firooz Jalili-Khiabani, a Michigan resident, moves for the appointment of counsel and appeals a district court judgment in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Jalili-Khiabani sought five million dollars in damages from the defendants, Oakland County, Michigan, its sheriff and prosecutor, and three police officers, whom he alleged had searched his automobile without a warrant in order to ascertain its vehicle identification number (VIN). The discovery of the VIN ultimately led to Jalili-Khiabani's criminal conviction in a state court.
 
 
 4
 In addition to his federal civil rights claim, Jalili-Khiabani asserted state law claims of defamation and infliction of emotional distress. The district court declined to exercise supplemental jurisdiction over the latter claims and entered an order of partial dismissal to which Jalili-Khiabani has not objected.
 
 
 5
 The district court granted summary judgment to the defendants on the civil rights claim on the ground that it was barred by the statute of limitations, as the complaint was not filed until more than five years after the search complained of. The district court also certified that an appeal would be frivolous. Jalili-Khiabani's motion for pauper status on appeal was denied by an earlier order of this court on the ground that it appeared that an appeal would be frivolous. Jalili-Khiabani has now paid the filing fee and filed a brief in which he restates at length his claim that he was subjected to an illegal search.
 
 
 6
 Upon review, we conclude that the entry of summary judgment for the defendants was inappropriate; the continuing validity of Mr. Jalili-Khiabani's conviction means that he cannot yet articulate a Sec. 1983 claim. As we held in Schilling v. White, 58 F.3d 1081, 1086-87 (6th Cir.1995), a conviction must be set aside as a precondition to a Sec. 1983 suit based on Fourth Amendment claims. Only if Mr. Jalili-Khiabani is able to have his conviction set aside or expunged may he bring this action. Id. at 1087 n. 5. Moreover, because a Sec. 1983 claim for relief does not exist until the conviction is set aside, the statute of limitations does not begin to run until that time. Id.
 
 
 7
 Accordingly, the judgment of the district court is vacated, and the case is remanded to the district court with instructions to dismiss the complaint without prejudice. The motion for counsel is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Monroe G. McKay, Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation